IRVING, P.J.,
dissenting:
¶ 19. Because I believe that the majority errs in its interpretation of what constitutes a school facility, I dissent. I would reverse and render the judgment of the circuit court, as I find no statutory mandate requiring school districts to repair conduits embedded in concrete driveways, when the sole purpose of the conduit is to provide an electrical current to light a sign on the lawn of the school premises.
¶ 20. The statute that is the subject of the majority’s peculiar construction is Mississippi Code Annotated section 37-7-301(d) (Rev.2013), which provides that “[t]he school boards of all school districts shall have the following powers, authority[,] and duties in addition to all others imposed or granted by law, to wit: ... responsibility for the erection, repairing, and equipping of school facilities and the making of necessary school improvements.”
¶ 21. A plain reading of this statute shows that the only duty imposed is one to erect, repair, and equip school facilities, and to make necessary school improvements. It is clear that the concrete driveway provides only convenient ingress and egress to the school building and is not a school facility. And the conduit embedded in the driveway does not transform either the conduit or the driveway into a school facility simply because the conduit carries an electrical wire to an exterior sign identifying the school facility. Neither the concrete driveway, the embedded conduit in it, nor the lighted sign is a prerequisite to the school district’s execution of its mission — to provide facilities for use in educating the boys and girls of the school district. It necessarily follows that I disagree with the majority’s conclusion that the conduit is an integral part of the school facility. There is no statutory requirement that school districts erect signs identifying school facilities. Hence, it seems unreasonable and illogical to suggest that a school district that has no statutory duty to erect or place any kind of identifying signs on school property somehow becomes mandated to maintain the electrical conduit that provides electrical power to the sign that the school district, employing its discretionary authority, voluntarily places on school property.
¶ 22. The majority’s interpretation of the phrase “school facility” is much too broad and is without statutory underpinning. I find that maintenance of the conduit within the concrete driveway was discretionary with NASD. “A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employ *1187 ee.” Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 19) (Miss.2012) (citing Miss. Dep’t’of Mental Health v. Hall, 936 So.2d 917, 924-25 (¶ 17) (Miss.2006)). Accordingly, even if the government entity or its employee has not exercised due care in performing a duty, immunity is still granted when that duty is a discretionary one. See Miss.Code Ann. § 11 — 46—9(1)(d) (Rev.2012).
¶ 23. Consequently, NASD cannot be held liable for Bruce’s injuries, as it is granted immunity under the Mississippi Code Annotated section 11 — 46—9(l)(d), which provides:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [bjased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused [.]
So even if NASD abused its discretion in not making timely repairs to the protruding conduit, it is still immune.
¶ 24. I see no need to discuss whether the dangerous-condition exemption applies on the basis that the protruding conduit was not open and obvious, because the facts here do not support the exemption— even if the protruding conduit was not open and obvious. The dangerous — condition exemption applies only if the dangerous condition — even if not open and obvious' — “was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice. ...” Miss.Code Ann. § 11 — 46—9(l)(v). Here, some of NASD’s employees had repaired the protruding conduit in the past and were aware that repair had failed or, for some réason, had come undone. Therefore, NASD notice that the 'conduit was protruding, and. it is reasonable to conclude that the condition was likely caused by the negligence of the employees in attempting the repair.
¶ 25. For the reasons presented, I dissent. I would reverse and render the judgment of the circuit court.